# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **CRYSTAL McGEE, ET AL.,** | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 2:11CV00035 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **VIRGINIA HIGH SCHOOL** | ) | By:  James P. Jones |
| **LEAGUE, INC.,** | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Hugh F. O'Donnell, Client Centered Legal Services of Southwest Virginia, Norton, Virginia, and Michael A. Bragg, Bragg Law, PLC, Abingdon, Virginia, for Plaintiffs; R. Craig Wood and Aaron J. Longo, McGuire Woods LLP, Charlottesville, Virginia and Charlotte, North Carolina, for Defendant.*

In this case, the plaintiffs, parents of public high school students whose school was closed under a school consolidation plan, contend that a rule of the defendant Virginia High School League denying the children eligibility for interscholastic competitions at a school of their choice, violates their due process and equal protection rights, as well as the Virginia Constitution's allocation of authority to local public schools.  The defendant has moved to dismiss on the ground that the plaintiffs fail to state a claim upon which relief can be granted.  For the following reasons, the motion will be granted.

I

The facts, as set forth in the plaintiffs' Complaint[1] or as agreed by the parties at oral argument, are as follows.

The Town of St. Paul, Virginia, rests on the border of Wise and Russell Counties. Until recently, St. Paul High School, part of Wise County's public school system, served students residing in both counties within the Town. However, in March 2011, St. Paul High School closed after the Wise County School Board voted to consolidate its six high schools into three.

Under the School Board's consolidation plan, all former St. Paul High School students were reassigned to Coeburn High School, located in Wise County. By virtue of their residency, students residing in the Russell County section of the Town were granted the additional option of attending the nearest Russell County alternative, Castlewood High School. However, Virginia law does not mandate that students attend the resident school assigned to them by their local school board. Thus, regardless of residency, all of the students retained the ability to choose between Coeburn and Castlewood High Schools. For various reasons — including geographical proximity — many of St. Paul High School's former students elected to attend Castlewood High School for the upcoming school year.

---

[1] The plaintiffs were allowed to amend the Complaint simply to add an additional set of parents as party plaintiffs. The allegations remained the same.

Defendant Virginia High School League, Inc. ("VHSL") is a non-profit organization composed of Virginia public high schools. As part of its obligations, VHSL establishes eligibility requirements for student participation in interscholastic competitions, including athletics. VHSL provides an appeals process to any student or parent who disagrees with a VHSL eligibility decision. (Pl.'s Compl., Ex. A, hereinafter "Criteria for Transfer Appeals".) The appeals system involves multiple levels of internal review, followed by the opportunity to demand a hearing before a hearing officer. (*Id.*)

Relevant to the present dispute is VHSL's eligibility policy regarding transfer students (the "Transfer Rule"). As referenced in the Complaint, VHSL's Transfer Rule applies whenever a student enrolled in one school transfers to another without a corresponding change in the residence of his parents or guardian. (VHSL Handbook, Rule 28-6-1.) If a student transfers to another high school and does not fall under one of the Transfer Rule's many exceptions, the student becomes ineligible to participate in VHSL-sponsored interscholastic competitions for one calendar year. (VHSL Handbook, Rule 28-6-2.) The stated purpose of the Transfer Rule is "to discourage recruiting and transfers for athletic/activity reasons and to encourage students to live with their parents and be enrolled in school continuously in their home districts." (Criteria for Transfer Appeals.) The

Transfer Rule addresses the case of a school closure by providing an exception if the student transfers to the school serving the district in which his parents reside. (VHSL Handbook, Rule 28-6-2(2).)

Shortly after the announcement of Wise County's school reassignments, the Mayor of St. Paul contacted VHSL seeking an exception to the Transfer Rule. The Mayor requested that St. Paul High School students residing in Wise County be granted an eligibility exception allowing them to participate in interscholastic events immediately should they choose to transfer to Castlewood High School. After review, VHSL's Executive Committee denied the request. Although several of the plaintiffs initially inquired of VHSL regarding their child's transfer status, they relied on the Executive Committee's response to the Mayor's letter and did not appeal using VHSL's administrative remedies. Thus, VHSL's ruling set the student body's eligibility as follows: if a student lived in the Russell County portion of the Town prior to the closure, he or she would be immediately eligible at either Coeburn High School or Castlewood High School; if a student lived in the Wise County portion of the Town, he or she would be eligible immediately only at Coeburn High School.

The plaintiffs filed the present lawsuit seeking a permanent injunction against VHSL preventing the application of the Transfer Rule to their children.[2] They allege that the Transfer Rule violates their due process and equal protection rights, as well as a provision of the Virginia Constitution. VHSL has moved to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[3] The motion has been briefed and argued and is ripe for decision.

II

Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss, the plaintiffs must "state[] a

---

[2] The plaintiffs also sought a preliminary injunction to allow their children temporary eligibility at Castlewood High School while the lawsuit was pending, which I earlier denied. *McGee v. Va. High Sch. League, Inc.*, No. 2:11CV00035, 2011 WL 3510932, at *5 (W.D. Va. Aug. 11, 2011).

[3] VHSL additionally moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on the ground that the plaintiffs failed to exhaust their appeal rights with VHSL and thus do not have standing to assert their claims. (Def.'s Mot. to Dismiss 1.) As noted, VHSL decided the issue in this case when it denied the Mayor's request for an eligibility exception to the Transfer Rule. While it is theoretically possible for the parents to appeal themselves if they actually enroll their children at Castlewood High School, counsel for VHSL conceded at oral argument that a ruling in their favor would "in all fairness" be "unlikely." Accordingly, I find that the parents have standing to assert their claims.

plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  In evaluating a pleading, the court accepts as true all well-pled facts and construes those facts in the light most favorable to the plaintiff.  *Id.* at 1951-52.  The court need not, however, accept mere labels, assertions, and conclusions, that are unsupported by pleaded facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Applying these standards to the plaintiffs' Complaint, the defendant's Motion to Dismiss must be granted.

A. SUBSTANTIVE DUE PROCESS.

Because statewide athletic associations are almost entirely comprised of and governed by government entities and representatives, the Supreme Court has deemed these associations to be state actors.  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).  Consequently, VHSL's conduct is considered state action and constitutional standards apply.  In order to claim Fourteenth Amendment protection under the Due Process Clause, the plaintiffs must first establish that they have been deprived of life, liberty, or property.  *See Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972).

The plaintiffs' Fourteenth Amendment claims are grounded in the argument that VHSL's Transfer Rule interferes with the parental right to direct the education of their children by penalizing the exercise of that right. Specifically, the plaintiffs assert that, without moving to Russell County, they are forced to send their children to Coeburn High School in order for them to immediately participate in interscholastic activities.

It is well-established that the Constitution protects the fundamental right of parents to make decisions concerning the care, custody, and control of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000). However, it is equally clear that this right is neither absolute nor unqualified. *Lehr v. Robertson*, 463 U.S. 248, 256 (1983). Choices of various components of the educational process, such as interscholastic competition, do not merit constitutional protection. *Sisson v. Va. High Sch. League, Inc.*, No. 7:10CV00530, 2010 WL 5173264, at *4 (W.D. Va. Dec. 14, 2010). "[P]arents simply do not have a constitutional right to control each and every aspect of their children's education and oust the state's authority over that subject." *Swanson ex rel. Swanson v. Guthrie Indep. Sch. Dist. No. I-L*, 135 F.3d 694, 699 (10th Cir. 1998); *See also Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 27 (5th Cir. 1997) (rejecting the argument that there is a protected interest in the separate components of the educational process, such as participation

in interscholastic athletics).

The plaintiffs attempt to ignore the recognized case law by relying on *Troxel.* They argue that *Troxel* created a presumption that fit parents will act in the best interests of their children, and that the Transfer Rule directly contradicts that presumption.  530 U.S. at 68.  The problem with the plaintiffs' argument is that they read *Troxel* to be unlimited, in that *all* decisions related to the interest of a child can only be made by the parent.  This is inconsistent with the precedent that parents' right to control the care of their children is neither absolute nor unqualified. Furthermore, the court in *Troxel* acknowledged that its decision to overturn the state statute at issue was based on its sweeping breadth, not the precise scope of parental due process rights.   *Id.* at 73.[4]

Courts have considered many variations of claims alleging infringement of constitutional rights in the context of eligibility rules for competition in interscholastic leagues and have uniformly rejected constitutional challenges to those rules.  *See, e.g., Angstadt v. Midd-West Sch. Dist.*, 377 F.3d 338, 344 (3d Cir. 2004)*; Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127,

---

[4] The statute in *Troxel* allowed a court to disregard and overturn *any* decision by a fit parent concerning child visitation whenever any third party affected by the parent's decision filed a visitation petition. *Id.* at 73-74.  The Supreme Court held that the visitation statute violated the parent's substantive due process rights because it placed no limits on either the persons who could petition for visitation or the circumstances in which such a petition could be granted. *Id.* at 73.  The Transfer Rule, however, is narrower in scope.  It contains a series of exceptions allowing students to escape its application.

135-36 (5th Cir. 2009). The plaintiffs argue that their claim can be distinguished from previous case law limiting the parental right to direct a child's education. Unlike past cases, the plaintiffs do not maintain that parents have the right to "opt out" their children from part of a public school requirement. For example, in *Angstadt,* parents of a student enrolled in a charter school unsuccessfully argued that their child should be allowed to compete in a public school district's interscholastic basketball league without taking classes in the school district. 377 F.3d at 340, 345. To the contrary, the plaintiffs in this case claim a right to have their children treated as every other child in the school. The plaintiffs assert that when they choose to send their children to Castlewood High School, their children should be allowed to participate in interscholastic competitions like all other Castlewood students.

This distinction does not change the outcome of the plaintiffs' claim. In order to seek "equal treatment" with other Castlewood students, the plaintiffs must argue that they not only have a constitutional right to choose a high school for their children, but that they have a constitutional right for their children to immediately participate in interscholastic activities at that school. This line of argument opens the door to parents being able to control countless facets of their children's education and trump any rules they do not like. It would be difficult for VHSL to enforce any form of eligibility rule if parents were given the power to veto the rule simply

because it is "not in their children's best interest."  For reasons such as this, courts have expressly cautioned against expansion in the area of substantive due process. *See, e.g., Blau v. Fort Thomas Pub. Sch. Dist.*, 401 F.3d 381, 394 (6th Cir. 2005) (citing *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)).

The right to parent as defined by case law is not implicated here.  The Transfer Rule does not prevent the plaintiffs from transferring their children to the school of their choice.  The fact that their decision may temporarily restrain their children's eligibility to compete in interscholastic activities is part of the calculus influencing their choice, but it does not prevent them from choosing the school they feel is best for their children.  The true "right" the plaintiffs are trying to assert is the right of their children to participate in interscholastic activities with the school of their choice.  There is no case law supporting the extension of the parental zone of autonomy into individual components of a child's education.  Accordingly, I conclude that the plaintiffs' substantive due process claim must be dismissed.

B. EQUAL PROTECTION.

The plaintiffs also claim a violation of the Equal Protection Clause.  They contend that the Transfer Rule's application results in Wise County students being treated differently than students living in Russell County.  Former St. Paul High School students who live in Wise County are only eligible for interscholastic

activities at Coeburn High School, while former students who live in Russell County are eligible at both Coeburn and Castlewood High Schools.

Since no suspect class or fundamental due process right is implicated, the sole question under equal protection analysis is whether the Transfer Rule bears a rational relationship to a legitimate state interest. *See FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993). Under rational basis scrutiny, the Transfer Rule is "accorded a strong presumption of validity" and must be upheld if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. *See Heller v. Doe*, 509 U.S. 312, 319-20 (1993).

The declared purpose of VHSL's Transfer Rule is to discourage recruiting and transfers for interscholastic competition reasons and to encourage students to attend school in their parents' resident district.[5] These concerns have repeatedly been recognized by other courts as problems appropriately addressed by state regulation. *See Denis J. O'Connell High Sch. v. Va. High Sch. League*, 581 F.2d 81, 87 (4th Cir. 1978) (noting that the state is justified in taking reasonable steps "to reduce or remove the possible temptation to make a choice of schools on the basis of

---

[5] The plaintiffs assert that the Transfer Rule's stated purpose is not entitled to deference because the VHSL is a private entity. However, as previously noted, the Supreme Court has deemed statewide athletic associations to be state actors. *Brentwood Acad.*, 531 U.S. at 295. The VHSL is comprised of member public schools that voluntarily join it and agree to uphold its rules. Therefore, its rules constitute the actions of state agencies, to which deference must be shown.

their respective athletic programs"). Furthermore, transfer rules asserting the same or similar goals have consistently been upheld as rationally related to a legitimate state interest. *See, e.g., Walsh v. La. High Sch. Athletic Ass'n*, 616 F.2d 152, 160 (5th Cir. 1980) (holding that a transfer rule was rationally related to the state's legitimate interest in deterring or eliminating the recruitment of student athletes). This is true even if the eligibility rules apply to students who transfer for reasons other than recruitment. *See Berschback v. Grosse Pointe Pub. Sch. Dist.*, 397 N.W.2d 234, 241 (Mich. Ct. App. 1986) (holding that "somewhat overbroad" classifications did not render a transfer rule irrational "and, in fact, may be necessary for the realization of a legitimate state purpose"); *Simkins v. S.D. High Sch. Activities Ass'n*, 434 N.W.2d 367, 369 (S.D. 1989) (stating that an overly broad classification did not fail rational basis review simply because it was "'not made with mathematical nicety or because in practice it result[ed] in some inequality.'") (quoting *U.S. R.R. Ret. Bd. v. Fritz*, 449 U.S. 166, 175 (1980)).

Given the minimal scrutiny mandated in this case, I find that VHSL's Transfer Rule does not violate the Equal Protection Clause. VHSL's Transfer Rule is applied fairly and uniformly across all former St. Paul High School students. While it creates the *effect* of giving Wise County students less eligibility options than Russell County students, the same Transfer Rule applies equally to all students

regardless of their residence. The fact that some students may be denied eligibility for interscholastic competitions even though they were not recruited does not make the rule irrational. The court must give great deference to the rule-making body in determining the rationality of a rule, and whether the rule is wise or creates undue individual hardship are policy decisions better left to legislative and administrative bodies.

    C. PROCEDURAL DUE PROCESS.

The plaintiffs additionally contest the sufficiency of VHSL's appeals procedures in providing them with adequate procedural due process. Particularly, the plaintiffs argue that VHSL's procedures lack an impartial decisionmaker, use vague and inconsistent criteria, lack a definite method to apply the "undue hardship" standard for eligibility exceptions, require an overly burdensome deposit in order to obtain an independent hearing officer, and unfairly require the student to enroll in his new school prior to appeal.

Procedural due process protects a person from government action which deprives him of an important liberty without adequate notice and opportunity to be heard. *Perry v. Sindermann*, 408 U.S. 593, 599 (1972); *Roth*, 408 U.S. at 569-70. Because there is no constitutional right at issue, the plaintiffs have no viable procedural due process claims. Regardless, VHSL's extensive, multilevel appeals

procedures satisfy any procedural due process requirements.  *See In re United States ex rel. Mo. State High Sch. Activities Ass'n*, 682 F.2d 147, 153 (8th Cir. 1982) (holding a similar appeals procedure against a due process challenge).

    D.  VIRGINIA CONSTITUTION.

Finally, the plaintiffs claim that the school system's delegation of authority to VHSL violates the Virginia Constitution.  Article VIII, Section 7 of the Virginia Constitution places exclusive responsibility for the supervision of local school systems on local school boards.  Even though no school board has or could force parents to send their children to their resident public school, the plaintiffs argue that the Transfer Rule has the effect of allowing VHSL to do so.

Again, the Transfer Rule does not eliminate a parent's freedom of choice regarding *where* to send their child to school.  Instead, the rule affects only one element of consideration in exercising that choice — the ability to participate in interscholastic competitions.

### III

For these reasons, I find that the plaintiffs' Amended Complaint must be dismissed.  While I am not unsympathetic to the children's predicament here, in light of the legal standards governing the case, I am unable to conclude that the

plaintiffs have stated any claim upon which relief can be granted. Accordingly, the defendant's Motion to Dismiss will be granted.

A separate order will be entered forthwith.

                                                DATED:    September 28, 2011

                                                /s/   James P. Jones
                                                United States District Judge